## IN THE CIRCUIT COURT OF NEW MADRID COUNTY, MISSOURI
## STATE OF MISSOURI

| | |
|---|---|
| ELIZABETH MCCOY,<br>499C Bledsoe<br>Matthews, Missouri 63867,<br>    Plaintiff,<br><br>vs.<br><br>ACCOUNT RESOLUTION CORP.<br>Serve at:<br>r/a or employee<br>700 Goddard<br>Chesterfield, MO 63005<br><br>PENNSYLVANIA HIGHER<br>EDUCATION ASSISTANCE<br>AGENCY<br>d/b/a FED LOAN SERVICING<br>COMPANY<br>Serve at:<br>r/a or employee<br>1200 N 7th St<br>Harrisburg, Pennsylvania 17102<br><br>UTAH HIGHER EDUCATION<br>ASSISTANCE AGENCY<br>Serve at:<br>r/a or employee<br>60 S 400 West<br>Salt Lake City, Utah 84101<br><br>EQUIFAX INFORMATION<br>SERVICES, LLC<br>Serve at:<br>r/a  CSC-Lawyers Inc. Svc Co<br>221 Bolivar St<br>Jefferson City, MO 65101<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br>Serve at:<br>r/a The Corporation Company<br>120 South Central Ave<br>Clayton, MO 63105<br>    Defendants. | Case No.:<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**EXHIBIT A**

## COMPLAINT

Comes the Plaintiff, Elizabeth McCoy, and for her Verified Complaint against the Defendants, Pennsylvania Higher Education Assistance Agency d/b/a Fed Loan Servicing Company ("FLSC"), Utah Higher Education Assistance Agency ("UHEAA"), Account Resolution Corp. ("ARC"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; FLSC's false reporting to Equifax of alleged current late status on Plaintiff's zero balance, transferred student loan and FLCS's impermissible reporting of default history on Plaintiff's zero balance, transferred student loan; UHEAA's false reporting to Equifax of alleged current late status on Plaintiff's six (6) zero balance, transferred student loans and UHEAA's impermissible reporting of default history on Plaintiff's zero balance, transferred student loans; ARC's false reporting to Equifax of a balance due on an ARC account that was discharged in Plaintiff's bankruptcy; Equifax's and Experian's false reporting of a duplicated account furnished by Ability Recovery; and Defendants' failure to correct the above-cited false reporting on Plaintiff's Equifax and Experian credit reports.

### II. PARTIES

2. Plaintiff, Elizabeth McCoy, is currently and was at all relevant times a citizen of the State of Missouri residing at 499C Bledsoe, Matthews, Missouri 63867.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, FLSC, is a Pennsylvania corporation and is a student loan lender doing business in the Commonwealth of Kentucky with its principal place of business at 1200 North 7th Street, Harrisburg, Pennsylvania 17102.

5. FLSC is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C.

§1681s-2(b).

6. Defendant, UHEAA, is a Utah corporation doing business in the State of Missouri with its principal place of business at Board of Regents Bldg., The Gateway, 600 South 400 West, Salt Lake City, Utah 84101.

7. UHEAA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

8. Defendant, ARC, is a Missouri corporation with its principal place of business at 700 Goddard, Chesterfield, Missouri 63005.

9. ARC is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

10. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the State of Missouri with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

11. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

12. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports,"  as that term is defined at 15 U.S.C. §1681a(d), to third parties.

13. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the State of Missouri with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

14.  Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

15.  Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports,"  as that term is

Electronically Filed - New Madrid - October 20, 2020 - 09:56 AM

defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

16. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in New Madrid County, Missouri as a result of the Defendants' doing business in New Madrid County, Missouri.

### IV. FACTUAL BACKGROUND

17. In or around July 2020, Plaintiff accessed her Equifax credit report and discovered (1) that FLSC was reporting a current late status and default history on Plaintiff's zero balance, transferred FLSC student loan account; (2) that UHEAA was reporting a current late status and default history on six of Plaintiff's zero balance, transferred UHEAA student loan accounts; (3) that ARC was reporting a past due balance on an ARC account included in Plaintiff's bankruptcy; and (4) Ability Recovery was reporting duplicated accounts and past due balances.

18. Also in July 2020, Plaintiff accessed her Experian credit report and discovered that Ability Recovery was reporting duplicated accounts and past due balances.

19. Prior to July 2020, and upon information and belief, the United States Department of Education assigned or otherwise transferred the subject student loan accounts to FLSC and UHEAA. 20 U.S.C. §1078-6(c) prohibits the reporting of derogatory payment history of transferred and/or rehabilitated student loans.

20. Immediately upon discovering the above-referenced false and derogatory tradelines on her Equifax and Experian credit reports, Plaintiff filed disputes with Equifax regarding the inaccuracy of the FLSC, UHEAA, ARC, and Ability Recovery tradelines, and with Experian regarding the duplicated Ability Recovery tradelines.  Upon information and belief, Equifax and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified FLSC, UHEAA, ARC, and Ability Recovery of the disputes at or within five (5) days of Equifax's and Experian's receiving notice of the

disputes from Plaintiff.

21.     Plaintiff never received the results of her disputes to Equifax and Experian. In or around September 2020, however, Plaintiff again accessed her Equifax and Experian credit reports and discovered that the above-referenced tradelines were reporting as they had been reporting prior to her disputes.

22.     Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, FLSC, UHEAA, ARC, Equifax, and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports or to amend Plaintiff's credit reports.

23.     Upon information and belief, FLSC, UHEAA, ARC, Equifax, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items or to amend Plaintiff's credit reports within a reasonable time following their receipt of Plaintiff's disputes.

24.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and to remove or amend the subject tradelines.  In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V.  CLAIMS
### Negligent Violation of the Fair Credit Reporting Act – FLSC

25.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26.     FLSC's failure to investigate Plaintiff's dispute and its initial and continuing false and impermissible reporting to Equifax of Plaintiff's FLSC account are violations of FLSC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

27. FLSC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which FLSC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – UHEAA

28. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29. UHEAA's failure to investigate Plaintiff's disputes and its initial and continuing false and impermissible reporting to Equifax of Plaintiff's UHEA accounts are violations of UHEAA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

30. UHEAA's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which UHEAA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – ARC

31. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32. ARC's failure to investigate Plaintiff's dispute and its initial and continuing false and impermissible reporting to Equifax of Plaintiff's ARC account are violations of ARC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

33. ARC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ARC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

34. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

Electronically Filed - New Madrid - October 20, 2020 - 09:56 AM

35. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

36. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

38. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

40. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

41. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages,

Electronically Filed - New Madrid - October 20, 2020 - 09:56 AM

for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – FLSC

42. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. FLSC's failure to investigate Plaintiff's disputes and its initial and continuing false and impermissible reporting to Equifax of the status and default history of Plaintiff's FLSC account, despite FLSC's knowledge of the falsity of its reporting, are willful violations of FLSC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

44. Given FLSC's knowledge of the falsity of its reporting, FLSC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which FLSC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – UHEAA

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. UHEAA's failure to investigate Plaintiff's disputes and its initial and continuing false and impermissible reporting to Equifax of the status and default history of Plaintiff's UHEAA accounts, despite UHEAA's knowledge of the falsity of its reporting, are willful violations of UHEAA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

47. Given UHEAA's knowledge of the falsity of its reporting, UHEAA's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which UHEAA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – ARC

48. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 47 as if fully set forth herein.

49. ARC's failure to investigate Plaintiff's disputes and its initial and continuing false and impermissible reporting to Equifax of the ARC tradeline, despite ARC's knowledge of the falsity of its reporting, are willful violations of ARC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

50. Given ARC's knowledge of the falsity of its reporting, ARC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which ARC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

51. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

53. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

54. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

Electronically Filed - New Madrid - October 20, 2020 - 09:56 AM

**Willful Violation of the Fair Credit Reporting Act – Experian**

55. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

57. Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

58. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Elizabeth McCoy, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

By:  /s/ Matthew P. Cook
    Cook Law, LLC
    Matthew P. Cook #62815
    Attorney for Plaintiff
    2885 Sanford Ave SW #42270
    Grandville, MI 49418
    Phone:  314-200-5536
    Email:  Cookmp21@yahoo.com


    */s/David W. Hemminger*
    David W. Hemminger, pro hac forthcoming
    HEMMINGER LAW OFFICE, P.S.C.
    331 Townepark Circle, Suite 100-C
    Louisville, KY  40202
    Phone, (502) 443-1060
    Facsimile, (502) 589-3004
    hemmingerlawoffice@gmail.com
    *Counsel for Plaintiff*